IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GABRIELA PEREZ,

          Plaintiff,

          v.

City of Alameda, et al,

          Defendant.

No. C 13-1521 TEH

ORDER FOR PRETRIAL
PREPARATION

Good cause appearing, IT IS HEREBY ORDERED that:

**1.**   **TRIAL DATE.** Trial before the COURT/JURY will begin in Courtroom No. 12 on _JAN 27, 2015_ at _9:00_ AM. If the Court advises all counsel that they must be prepared to go to trial on a trailing basis, then the trial will begin as soon after the scheduled date as possible. The trial shall last for an estimated _6_ trial days. The trial of liability and damages issues SHALL/SHALL NOT be separate.

**2.**   **PRETRIAL CONFERENCE.** The Court will hold a pretrial conference on Monday, _JAN 12, 2015_, at 3:00 PM. **Counsel who intend to try the case must attend the pretrial conference.**

**3.**   **DISCOVERY.**

    **(a) Discovery Cutoff.** All discovery, except for depositions of expert witnesses, shall be **completed** on or before _OCT 13, 2014_. All depositions of expert witnesses shall be completed no later than 7 calendar days before the pretrial conference.

TEH Order for Pretrial Preparation

(Rev. 11/09)

**United States District Court**
For the Northern District of California

(b) <u>**Disclosures Regarding Expert Witnesses**</u>.  Plaintiffs shall comply with Federal Rule of Civil Procedure 26(a)(2)(A) (i.e., disclose the identity of any person who may be used at trial to present expert testimony) no later than _45_ calendar days before the pretrial conference.   Defendants shall disclose the identity of their expert witnesses no later than _30_ calendar days before the pretrial conference.  The parties shall comply with the written report requirements of Federal Rule of Civil Procedure 26(a)(2)(B) within 14 calendar days of disclosing the identity of their experts.  Failure to comply with these deadlines will prevent a witness from testifying as an expert.

(c) <u>**Discovery Disputes**</u>.  Unless otherwise ordered by the Court, all discovery matters are hereby referred for assignment to a magistrate judge.  Please call the Courtroom Deputy at (415) 522-2047 to obtain a random assignment to a specific Magistrate Judge before filing any papers relating to discovery.

**4.      <u>PRETRIAL MOTIONS (EXCEPT MOTIONS IN LIMINE)</u>.**

The parties should file pretrial motions to resolve any purely legal substantive issues.  Such issues may **not** be resolved by motions in limine (see page 6, paragraph 6(a)).  **Any party that attempts to resolve a purely legal substantive issue by a motion in limine, or by any motion filed after the deadline below, may expect the imposition of substantial sanctions for failure to comply with this order.**

All pretrial motions, except motions in limine, shall be heard no later than 45 calendar days before the scheduled trial date.  Accordingly, all such motions must be <u>noticed for hearing</u> no later than Monday, _DEC 8, 2014_ .  They must be <u>filed</u> at least 35 days in advance of the hearing date, or no later than Monday, _NOV 3, 2014_ .  Civ. L.R. 7-2(a).

**United States District Court**
For the Northern District of California

5.   **PRETRIAL CONFERENCE STATEMENT.**

    (a)   **Required Meeting and Disclosure Prior to Pretrial Conference.** Lead counsel who will try the case shall meet and confer on or before _DEC 12, 2014_ (at least 30 calendar days before the pretrial conference). At that time, they shall discuss:

        (1) Prospects for settling the action;

        (2) The preparation and content of the joint pretrial conference statement;

        (3) The preparation and exchange of pretrial materials to be served and lodged with the Court; and

        (4) Resolution of any differences between the parties regarding items (2) and (3) above. To the extent such differences are not resolved, the parties must present the issues in the joint pretrial conference statement so that the Judge may rule on the disputes at the pretrial conference.

    Within one week after meeting and conferring, the parties shall file a joint statement, signed by all counsel, stating that they have met and conferred on the above issues.

    (b)   **Joint Pretrial Conference Statement.** The parties shall file a joint pretrial conference statement no later than 10 calendar days before the pretrial conference. If the parties disagree over the wording of the statement, each party may state its position in its own words. All parties or their counsel must sign the statement. The statement shall contain the following information:

        (1)   **The Action.**

            **(A) Substance of the Action.** A brief description of the substance of claims and defenses that remain to be decided.

            **(B) Relief Prayed.** A detailed statement of the relief claimed, including an itemization of all claimed damages, along with a list of witnesses, documents, or other evidentiary material to be presented on the amount of damages.

United States District Court

For the Northern District of California

(2)   **The Factual Basis of the Action.**

　　　(A)  **Undisputed Facts.**  A plain and concise statement of all relevant facts not reasonably disputable.  This should include a statement of facts which the parties stipulate may be incorporated into the trial record without supporting testimony or exhibits.

　　　(B)  **Disputed Factual Issues.**  A plain and concise statement of all disputed factual issues that remain to be decided.

　　　(C)  **Agreed Statement.**  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

　　　(D)  **Stipulations.**  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)   **Trial Preparation.**

　　　(A)  **Estimate of Trial Time.**  An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

　　　(B)  **Witnesses to be Called.**  A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.  Parties must indicate any objections to the use of the listed witnesses and shall certify that counsel have met and conferred regarding such objections.

　　　(C)  **Use of Discovery Responses.**  A list of evidence that may be presented at trial, other than solely for impeachment or rebuttal, through use of excerpts from depositions, interrogatory answers, or responses to requests for admission.  Parties must indicate any objections to use of these materials and shall certify that counsel have met and conferred regarding such objections.

　　　(D)  **Exhibits, Schedules, and Summaries.**  A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal,

**United States District Court**
For the Northern District of California

with a brief statement following each item describing its substance or purpose and the identity of its sponsoring witness.  Parties must indicate any objections to the receipt in evidence of the listed exhibits and shall certify that counsel have met and conferred regarding such objections.

        **(E)  Further Discovery or Motions.**  A statement of all outstanding discovery or motions, including motions in limine.

      **(4)**   <u>Trial Alternatives and Options</u>.

        **(A)  Settlement Discussion.**  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        **(B)  Consent to Trial Before a Magistrate Judge.**  A statement explaining whether reference of all or part of the action to a special master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge with appeal directly to the Ninth Circuit.

        **(C)  Amendments or Dismissals.**  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

        **(D)  Bifurcation of Issues.**  A statement of whether bifurcation (i.e., separate trials) of specific issues is feasible and desired.

      **(5)**   <u>Miscellaneous</u>.  Any other subjects relevant to the just, speedy, and inexpensive resolution of this action.

    **(c)** <u>Pretrial Order</u>.  The Court may, as appropriate, make pretrial orders at or following the pretrial conference.  Such orders shall control the subsequent course of the action as provided in Federal Rule of Civil Procedure 16.

**United States District Court**
For the Northern District of California

6. **TRIAL PREPARATION DEADLINES.**

(a) **Motions in Limine.** The only appropriate purpose for a motion in limine is to obtain, in advance of trial, an evidentiary ruling on the admissibility of a specific piece of evidence. Unless otherwise allowed by the Court, all motions in limine shall be filed no later than 21 calendar days before the scheduled trial date, and written opposition to such motions shall be filed no later than 14 calendar days before the trial date. **All motions in limine must be accompanied by a declaration stating that counsel have met and conferred in good faith regarding the motions prior to their filing, and that the parties are unable to resolve informally any remaining disputes.**

(b) **Exhibits.** Two sets of all exhibits to be offered at trial, together with a list of exhibits, shall be lodged with the Court no later than 7 calendar days before the scheduled trial date. Exhibits shall be pre-marked in accordance with the attached forms.

(c) **Objections to Evidence.** Counsel shall meet and confer with respect to any evidentiary objections in advance of the pretrial conference. They shall advise the Court at the pretrial conference if any objections contained in their joint pretrial conference statement have been subsequently resolved.

(d) **Jury Instructions.** If a jury trial has been demanded, the parties shall meet and confer to discuss proposed jury instructions. The Court uses its own set of standard instructions regarding the role of jurors, organization of the jury, communication with the Court, etc., and the parties need not discuss such instructions during their meeting and conferring. No later than 10 calendar days before the pretrial conference, the parties shall file (a) proposed jury instructions upon which all parties have agreed and (b) jury instructions upon which any other party does not agree. The proposed jury instructions must be accompanied by a declaration stating that the parties have met and conferred in good faith in an attempt to agree upon as many jury instructions as possible. The chambers copies of all

1   proposed jury instructions shall be accompanied by an electronic copy of the instructions in

2   WordPerfect or WordPerfect-compatible format.

3          For each disputed instruction, the offering party shall indicate the corresponding

4   instruction(s), if any, being proposed by other parties.  The parties shall file written

5   objections to all disputed instructions no later than 7 calendar days before the scheduled trial

6   date.

7          All proposed jury instructions shall be concise and free from argument; cover only one

8   subject to be indicated in the caption; show the identity of the offering party; be typewritten

9   out in full on a separate page or pages; be consecutively numbered; and set forth specific

10  citations to supporting authority.  Case citations must include pinpoint citations to the exact

11  page or pages that support the proposed instruction.

12

13         **(e)  Voir Dire.**  If a jury trial has been demanded, the parties may, at their option,

14  submit proposed questions for voir dire.  Any such questions must be filed no later than 10

15  calendar days before the pretrial conference.

16

17         **(f)  Special Verdict Forms.**  If a jury trial has been demanded, the parties shall meet

18  and confer to discuss any desired special verdict forms.  The parties shall follow the

19  procedure outlined in paragraph 6(d) in filing their proposed verdict forms.

20

21  **7.      TRANSCRIPTS.**  Should a daily transcript and/or realtime reporting be desired,

22  arrangements must be made with the Courtroom Deputy at least fourteen (14) days before the

23  scheduled trial date.

24

25  **8.      SETTLEMENT CONFERENCE.**  The parties SHALL/SHALL NOT arrange for a

26  mandatory settlement conference before Magistrate Judge _____ of this Court.

27  This conference shall be scheduled to take place no later than 5 calendar days before the

28  pretrial conference.

United States District Court
For the Northern District of California

TEH Order for Pretrial Preparation                          7                          (Rev. 11/09)

**United States District Court**
For the Northern District of California

9.    **FURTHER CASE MANAGEMENT CONFERENCE.**  A further case management conference will be held on Monday, _____*N/A*_____, at 1:30 PM.

10.    **PROCEDURE FOR AMENDING THIS ORDER.**  No provision of this order may be changed except by written order of this Court.  The Court may enter such an order upon its own motion or upon motion of one or more of the parties.  The parties must make any such motion in accordance with the Civil Local Rules and with a demonstration of very good cause.  The mere fact that the parties have stipulated to a change does not constitute good cause, nor does a conflict with a court date set after the date of this order.

**IT IS SO ORDERED.**

Dated: *10/7/13*

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

The parties request the Court to make the foregoing order.

Attorney(s) for Plaintiff(s):

Attorney(s) for Defendant(s):

_____     _____

_____     _____

_____     _____

United States District Court

For the Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C    -        TEH                    DATE:

_____ v. _____

## EXHIBIT LIST

(   ) Plaintiff                              (    ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | DESCRIPTION OF EXHIBIT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**United States District Court**
For the Northern District of California

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____1_____ | **DEFT** Exhibit No. _____A_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____2_____ | **DEFT** Exhibit No. _____B_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____3_____ | **DEFT** Exhibit No. _____C_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____4_____ | **DEFT** Exhibit No. _____D_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____5_____ | **DEFT** Exhibit No. _____E_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____6_____ | **DEFT** Exhibit No. _____F_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |